## EBERLY v. GUTENTAG & SON.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8295.   Decided Oct. 24, 1927.

First Publication of This Opinion.

### Syllabus by Editorial Staff.

870.  OPTIONS—297 Contracts—287 Consideration.

Option, to be effective, must be based upon valuable consideration. "Work thereafter to be done," does not constitute consideration for contract. Where option contract has been executed, consideration becomes unimportant.

Error to Municipal Court.
Judgment reversed.

White, Cannon & Spieth, Cleveland, for Eberly.

Jerome M. Friedlander, Cleveland, for Gutentag & Son.

### STATEMENT OF FACTS.

This cause comes into this court on a petition in error to the Municipal Court of the City of Cleveland.

In the court below defendant in error was plaintiff and brought his action to recover something over $1000 upon what he alleges to be a contract for services for selling a piece of real estate. In said action below a judgment was rendered for the plaintiff against the defendant, now plaintiff in error, for $1030, and it is to reverse that judgment that error is prosecuted here.

It seems that the plaintiff in error was the owner of a piece of real property, which he held by virtue of a land contract, in one of the Van Sweringen allotments in said County, and that, prior to the events herein mentioned, a contract in writing had been entered into, whereby the plaintiff in error, defendant below, gave an option, for a period of 20 days, authorizing the plaintiff to sell the property for and in consideration of $100 commission and whatever sum was obtained over and above the sum of $2100 for said land. The plaintiff below elected to take said land himself, and an escrow agreement was entered into which provided that in case the Van Sweringens would not be satisfied with the purchaser, the whole transaction would become null and void, and there would be no further liability upon the part of the defendant below, plaintiff in error here. After the escrow instructions had been filed, the Van Sweringens were notified and they refused to accept the proposed purchaser, whereupon defendant below, the plaintiff in error here, in writing, notified the defendants that the sale was off and terminated his right to further negotiate. Notwithstanding this notification, plaintiff below seems to have got a man by the name of Freeman to agree to take this property, and so notified the defendant below, the plaintiff in error here, whereupon the defendant below refused to go forward with the deal and an action was brought, as already stated, to recover the sum of $1000, claiming that they had a contract to sell this land to Freeman for the sum of $3000, and upon that basis they were permitted to recover.

VICKERY, J.

"It must be noted that this contract provided that out of the purchase money, which was to be a cash sale, the agent was to retain his commission, plainly contemplating that unless there had been a sale there would be no commission, because the commission was payable out of the sum received, and the only way that the plaintiff would be entitled to recover would be, not from the defendant below, because he was to get only $2000 in any event, and the money was to be paid by the purchaser to the agent and he, the agent, was to retain his commission including all sums over $2100 in addition to his commission of $100. Now manifestly before the plaintiff would be entitled to recover, he must tender or offer to tender the $2100, the $2000 that would be coming to the owner of the real estate, and then he would have a claim against the purchaser for the commission and for the sum over and above $2100. By this proposition it would mean that the owner of the property would get $2000 and would be compelled to pay out of the purchase price of $2100 the $100 commission.

There is nothing in this record except a mere statement that a purchaser was ready, able and willing to go forward with his contract. Now it will be argued that a commission had been earned because of the unlawful termination of this contract by plaintiff in error. But was it a wrongful termination? This so

called option was based upon a gratuity. The afreement recited "in consideration of work thereafter to be done," but that is not a consideration for that contract. An option is a unilateral contract and it prevents the party who signs that contract from disposing of the property under consideration until the expiration thereof, but in order to have this egect, it must be based upon a valuable consideration and not merely the promise to do something thereafter, and even though that something is connected with the subject of the transaction. There was no consideration for this signing and consequently it was nothing more than a continuing offer. Of course, if the offer had been made and was continuing and had been withdrawn and a purchaser had been obtained in good faith, even without a consideration the contract having been executed and the work having been done, and the purchaser procured, it would be too late for the seller of the property to then cancel this contract, because it would have been executed and then the consideration would be unimportant.

That was not true in the instant case. There the escrow agreement became a part of the sales contract, and that provided that if the Van Sweringen Company would not be satisfied with the purchaser, the whole matter should be terminated. When this matter was brought to the knowledge of the seller, plaintiff in error here, the relationship between the plaintiff and the defendant was terminated by a letter, and after that time the so called purchaser or agent had no right or title to the property, or to act in relation to it.

Under these circumstances and under the facts of this record, we do not see how the court below could have entered a judgment against the defendant below. We think it was clearly erroneous and contrary to law and for that reason the judgment will be reversed and a final judgment entered for the plaintiff in error."

(Sullivan, PJ., and Levine, J., concur.)